# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAROL MORGAN, | Case No. 2:16-cv-02536-APG-PAL |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ORDERING SUPPLEMENTAL BRIEFS** |
| OCWEN LOAN SERVICING, LLC, | |
| Defendant. | (ECF No. 28) |

Carol Morgan sues Ocwen Loan Servicing, LLC for misreporting debts that Morgan owed following the alleged execution of a loan modification agreement.[1] Morgan is the owner of real property located at 5901 Sunlight Garden Way in Las Vegas.[2] Ocwen is the servicer of a promissory note secured by a deed of trust on the property.[3]

Morgan alleges that she entered into a loan modification agreement on September 15, 2014, which extinguished Morgan's second mortgage.[4] Morgan further alleges that despite the purported loan modification agreement, her credit report continued to indicate that she was delinquent on her payments on her second mortgage and that, as a result of this misrepresentation, she was denied a zero percent interest credit card.[5] Morgan asserts that Ocwen violated the "Fair Credit Reporting Act (FCRA) pursuant to [Nevada Revised Statutes §] 649.005" and the Fair Debt Collection Practices Act (FDCPA), that Ocwen breached the loan modification agreement, and that Ocwen was negligent in its reporting practices.[6] Ocwen moves for summary judgment

---

[1] ECF No. 1.
[2] *Id.*
[3] ECF No. 5 at 1.
[4] ECF No. 18.
[5] ECF Nos. 1, 18.
[6] ECF No. 1.

on all claims. Morgan has failed to demonstrate a genuine dispute of material fact on her Nev. Rev. Stat. Chapter 649, FDCPA, and breach of contract claims. Therefore, I grant Ocwen's motion for summary judgment as to those claims and direct the parties to file supplemental briefings on the issue of FCRA preemption for her negligence claim.

I. **ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] A fact is material if it "might affect the outcome of the suit under the governing law."[8] An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[9] The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.[10] The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial.[11] I view the evidence and reasonable inferences in the light most favorable to the non-moving party.[12]

    A.    **Nevada Revised Statutes § 649.005 Claim**

Morgan alleges that Ocwen violated the "Fair Debt Credit Reporting Act pursuant to [Nev. Rev. Stat. §] 649.005" because Ocwen continued to show her second mortgage as due despite the purported loan modification agreement, which extinguished the mortgage.[13] Morgan brings this claim as a state action under § 649.005, not a federal one under FCRA.

Ocwen points out, and Morgan does not dispute, that it cannot be held liable under § 649.005 because that section merely provides definitions for Chapter 649 and does not set forth

---

[7] FED. R. CIV. P. 56(a), (c).

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[9] *Id.*

[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[11] *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000).

[12] *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

[13] ECF No. 1 at 3.

any cause of action.[14] In response, Morgan does not identify a specific section of the statute that Ocwen violated and fails to provide legal precedent for her claim.

Additionally, Ocwen argues that there is no private right of action under Chapter 649.[15] Morgan responds that she "has never heard this argument before" and that "certainly there are numerous causes of action brought" by private citizens, but fails to provide legal authority to support her argument.[16] This court has held that there is neither an express nor implied private right of action under Chapter 649.[17] Rather, the Legislature intended for administrative enforcement of the act.[18]

Morgan contends that if this claim fails under Chapter 649, then she should be given leave to amend and plead a federal FCRA claim. But the deadline to amend pleadings expired in February 2017, and discovery closed in May 2017.[19] Even if I construed Morgan's request as one to amend the scheduling order and extend the deadline to amend pleadings under Federal Rule of Civil Procedure 16, Morgan has not established good cause to grant that request.[20] Morgan never moved to amend the pleadings throughout this action. She knew the facts and allegations that would form the basis for any FCRA violations when she filed her complaint,[21] as shown by the fact that she brought a claim under § 649.005, which Morgan contends "mirrors" the FCRA.[22]

---

[14] ECF No. 18 at 4–5; NEV. REV. STAT. § 649.005.

[15] ECF No. 18.

[16] ECF No. 21 at 3.

[17] *See Preston v. Clark Cty. Collection Serv., LLC*, Case No. 2:14-cv-00021-APG-PAL, 2014 WL 6882626, at *2 (D. Nev. Dec. 4, 2014).

[18] *Id.*

[19] *See* ECF No. 8 (scheduling order).

[20] *See* Fed. R. Civ. P. 16(b); *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

[21] *See United States v. Dang*, 488 F.3d 1135, 1142-43 (9th Cir. 2007); *Royal Ins. Co. of Am. v. S.W. Marine*, 194 F.3d 1009, 1016-17 (9th Cir. 1999) ("Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.") (quotation omitted); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (affirming the district court's denial of leave to amend where the plaintiff sought to add a claim based on facts that were available to the plaintiff before he amended his complaint).

[22] ECF No. 21 at 3.

Morgan's attempted justification that she did not allege FCRA claims because she wanted this action to remain in state court does not excuse her failure to add the claims once the case was removed.

Even if good cause existed to amend the scheduling order, granting leave to amend would be futile.[23] FCRA imposes duties on entities that furnish information to credit reporting agencies, which are contained in 15 U.S.C. § 1681s-2. Those duties are enforceable only by federal or state agencies.[24] As the Ninth Circuit has explained, Congress limited enforcement of § 1681s–2(a) violations to these agencies because "Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished."[25] The Ninth Circuit has held, however, that after a furnisher of information has received a notice of dispute pursuant to § 1681s–2(b), an individual consumer does have a private right of action against that furnisher of information.[26]

Morgan does not point to any evidence that Ocwen, as a furnisher of credit information, received a notice of dispute pursuant to § 1681s-2(b). At this stage in the proceedings, it would unduly prejudice Ocwen to allow Morgan to add any FCRA claims to her complaint because doing so would necessarily require re-opening discovery to explore whether Ocwen received a notice of dispute and thereafter violated the FCRA.

Thus, because Morgan cannot bring a private cause of action under Chapter 649, and because Morgan produces no other evidence that Ocwen violated the FCRA, I grant summary judgment in Ocwen's favor on this claim.

---

[23] *See* Fed. R. Civ. P. 15(a); *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F. 3d 1109, 1117 (9th Cir. 2013) (stating that courts should consider five factors to assess whether to grant leave to amend under Rule 15(a): (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint).

[24] See 15 U.S.C. § 1681s–2(d); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

[25] *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002).

[26] *Id.* at 1057.

### B. FDCPA Claim

Next, Morgan argues that Ocwen violated the FDCPA "pursuant to Nevada Law," because it continues to attempt to collect a debt, which has purportedly been reduced and cured, and because it engaged in abusive litigation tactics.[27] Morgan's complaint does not reference the specific provision of the FDCPA she is suing under, nor does she identify the Nevada law she believes Ocwen violated.

The FDCPA is "a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'"[28] Individuals may sue debt collectors who fail to comply with the FDCPA, and they may recover actual damages, statutory damages, attorney's fees, and costs.[29] Determining whether conduct violates the FDCPA "requires an objective analysis that takes into account whether the 'least sophisticated debtor would likely be misled by a communication.'"[30]

First, Ocwen argues that, as a loan servicer, it is not a debt collector as defined by the FDCPA and as interpreted in the legislative history of 15 U.S.C. § 1692a(6).[31] Morgan does not respond to that argument. Instead, she argues, without citing to legal authority, that by reporting a contested debt Ocwen attempted to collect a debt.

---

[27] ECF No. 1 at 3.

[28] *Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055, 1062 (9th Cir. 2011) (quoting 15 U.S.C. § 1692e).

[29] 15 U.S.C. § 1692k(a).

[30] *Gonzalez*, 660 F.3d at 1061.

[31] 15 U.S.C. § 1692a(6) (defining "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another"); *see also* 15 U.S.C. § 1692a(6)(f) (exempting a person from being defined as a "debt collector" if they are "collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person").

Ocwen is not a debt collector because the FDCPA's definition of "debt collector" does not "include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned."[32] And even if Ocwen met the statutory definition of a debt collector, Morgan has provided no evidence that Ocwen attempted to collect a debt from her. Morgan states that someone called her to collect a debt on her second mortgage but that "she cannot testify as to who it actually was."[33] She argues that "Ocwen continues to send monthly statements demanding payment,"[34] but she has not produced any such statement and does not state in her affidavit that she received monthly statements from Ocwen.[35] Thus, Ocwen is entitled to summary judgment on Morgan's FDCPA claims.

### C. Breach of Contract Claim

Morgan argues that Ocwen breached the purported loan modification agreement by continuously reporting that she was behind on her payments on her second mortgage.[36] In Nevada, "to succeed on a breach of contract claim a plaintiff must show four elements: (1) formation of a valid contract; (2) performance, or excuse of performance, by the plaintiff; (3) material breach by the defendant; and (4) damages."[37] The existence of a contract is a matter of law and the party asserting the existence of a contract has the burden to establish the contract's existence and its terms.[38]

Morgan argues that the parties entered into a loan modification agreement on September 15, 2014, and cites to the loan modification contract in "Exhibit 1."[39] However, this loan

---

[32] *Camacho-Villa v. Great Western Home Loans*, Case No. 3:10-cv-00210-ECR-VPC, 2011 WL 1103681, at *4 (D. Nev. Mar. 23, 2011).

[33] ECF No. 21 at 3.

[34] *Id.*

[35] *See id.* at 112–14.

[36] ECF No. 21 at 4.

[37] *Laguerre v. Nev. Sys. of Higher Educ.*, 837 F. Supp. 2d 1176, 1180 (D. Nev. 2011).

[38] *Shaw v. CitiMortgage, Inc.*, 201 F. Supp. 3d 1222, 1245–1246 (D. Nev. 2016) (citing *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005)).

[39] ECF No. 21 at 4.

modification agreement has not been executed by the parties.[40]  Even if the modification agreement was properly executed, and constitutes a valid contract, Morgan has not directed the court to any provision that "extinguish[es] the second deed of trust,"[41] and I cannot find one.

The loan modification contains a deferral of principal provision, which causes the payment on a substantial portion of Morgan's loan balance to be deferred and potentially reduced.[42]  Assuming that the deferral of principal provision is the "extinguishment" provision that Morgan is referring to in her complaint, Morgan's breach of contract claim still fails because she has not provided sufficient evidence to raise a dispute that Ocwen breached any material term of the contract.  Morgan argues that Ocwen breached the contract "by not honoring the contract and extinguishing the debt pretty much until this litigation was initiated," but fails to point to any specific contractual language or provision under which Ocwen's conduct would constitute a breach.[43]  Nor does she point to any provision where Ocwen promised to refrain from reporting delinquent payments or agreed to prevent third parties from attempting to collect the debt.

Finally, even if Morgan could show that Ocwen breached the contract, Morgan has not raised a dispute as to damages.  "An essential element of a breach of contract claim is showing that the defendant's alleged breach caused damages to plaintiff."[44]  Under Nevada law, "[d]amages for a breach of contract claim are limited to those specifically outlined in the contract, if any, and those expectation damages sufficient to put the non-breaching party in the position it would have been in had the breach not occurred."[45]  Expectation damages are determined by the method set forth in the Restatement (Second) of Contracts § 347.[46]  Damages for mental suffering

---

[40] *Id.* at 20.

[41] *See id.* at 9–20.

[42] *Id.* at 14 (loan modification).

[43] *Id.* at 4.

[44] *Kiefe v. Metropolitan Life Ins. Co.*, 931 F. Supp. 2d 1100, 1108 (D. Nev. 2013).

[45] *Shaw*, 201 F. Supp. 3d at 1249.

[46] *Andrew v. Century Sur. Co.*, 134 F. Supp. 3d 1249, 1254 (D. Nev. 2015) (citing *Road & Highway Builders v. N. Nev. Rebar*, 284 P.3d 377, 382 (Nev. 2012) (noting that Rest.2d Contracts, § 347 is subject to the limitations set forth in § 353).

and emotional distress are ordinarily not recoverable in an action for breach of contract unless the breach also caused bodily harm or where the express object of the contract is the mental and emotional well-being of one of the contracting parties.[47] In civil cases, it is the plaintiff's burden to prove the existence and amount of damages she is seeking.[48] "Although damages need not be proven to mathematical certainty, sufficient facts must be introduced so that court can arrive at intelligent estimate without speculation or conjecture."[49]

Here, Morgan does not identify any provisions outlining specific damages in the loan modification agreement. Morgan claims that she has been damaged in an amount in excess of $10,000 as a result of her "suffering" from her inability to obtain credit, and that she will testify to those damages at trial. But, a plaintiff cannot avoid summary judgment by promising that the needed evidence will come out at trial.[50] And even if Morgan could testify to the emotional damages she suffered from her inability to obtain credit, those damages cannot be awarded based on a breach of contract claim. Morgan also contends that she had to obtain counsel to litigate this action, causing damages in the form of attorneys' fees. But she does not point to, and I cannot find, any provisions in the loan modification agreement that call for payment of attorneys' fees if the contract is breached. Thus, Morgan has failed to establish a genuine dispute of material fact with regard to this claim.

**D.  Negligence Claim**

Finally, Morgan argues that Ocwen was negligent in its failure to accurately report the loan modification agreement and payments. "A claim for negligence in Nevada requires that the plaintiff satisfy four elements: (1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages."[51] To show entitlement to judgment as a matter of law, "[Ocwen] must show that one

---

[47] *See Erlich v. Menezes*, 981 P.2d 978, 983 (Cal. 1999) (citing Rest.2d Contracts, § 353); *see also Burrus v. Nevada-California-Oregon Ry.*, 145 P. 926, 928 (Nev. 1915).

[48] *Clark Cty. School Dist. v. Richardson Const., Inc.*, 168 P.3d 87, 97 (Nev. 2007).

[49] *Harmsen v. Smith*, 693 F.2d 932, 945 (9th Cir. 1982).

[50] *See Celotex Corp*, 477 U.S. at 322.

[51] *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008).

of the elements of the plaintiff's prima facie case . . . is clearly lacking as a matter of law."[52] "Because existence of 'duty' is a question of law, if this court determines that no duty exists," summary judgment for the defendant is appropriate.[53]

Absent some other relationship, a lender generally does not owe a duty of care to its borrower outside of the duties set forth in the relevant loan documents.[54] But, the failure to accurately report payments appears to fall outside of the duties contemplated in the agreement. Neither party points to any Nevada law deciding whether an action taken by a lender that is not contemplated by the loan agreement itself —like reporting of payments to a third party consumer reporting agency—can be the basis of a negligence action.

The FCRA, however, contains two preemption sections restricting state law claims against furnishers of information for "defamation, invasion of privacy, or negligence . . . to the extent that they are based on the disclosure of FCRA information and are not based on malice or willful intent to injure."[55] "Thus the FCRA preempts any state law claim based on the conduct covered by section 1681s–2," which covers the responsibilities of furnishers of information to consumer reporting agencies.[56] Here, Morgan's negligence claim against Ocwen for failure to accurately update and report information appears to fall squarely within the responsibilities covered by section 1681s-2 of the FCRA and may be preempted. Because the parties did not address preemption in their arguments, I order the parties to file supplemental briefs discussing whether Morgan's negligence claim is preempted by the FCRA. Morgan's negligence claim also may be barred by the "economic loss rule." The parties shall brief that issue as well.

---

[52] *Butler ex rel. Biller v. Bayer*, 168 P.3d 1055, 1063 (Nev. 2007) (internal quotations and citation omitted).

[53] *Butler,* 168 P.3d at 1063.

[54] *McGee v. CitiMortgage*, Case No. 2:12-cv-02025-JCM-PAL, 2013 WL 2405301, at *6 (D. Nev. May 31, 2013); *see also Weinstein v. Mortg. Capital Assocs. Inc.*, Case No. 2:10-cv-01551-PMP-PAL, 2011 WL 90085, at *8 (D. Nev. Jan. 11, 2011).

[55] *Spartalian v. Citibank, N.A.*, 2013 WL 5437347, at *5 (D. Nev. Sep. 27, 2013); *see also* 15 U.S.C. § 1681h(e); 15 U.S.C. § 1681t(b)(1).

[56] *Spartalian*, 2013 WL 5437347, at *5 (citing *Subhani v. JP Morgan Chase Bank, Nat. Ass'n,* 2012 WL 1980416, *3 (N.D. Cal. June 1, 2012)).

## II. CONCLUSION

IT IS THEREFORE ORDERED that Ocwen's motion for summary judgment **[ECF No. 18] is GRANTED in part**. The parties are directed to file supplemental briefing of no more than six pages addressing whether Morgan's negligence claim is (1) preempted by the FCRA, and (2) barred by the economic loss rule. Those briefs are due on or before April 30, 2018.

DATED this 16th day of April, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE