# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAROL MORGAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>　　　　　Defendant. | Case No. 2:16-cv-02536-APG-PAL<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 28) |

Carol Morgan sues Ocwen Loan Servicing, LLC for misreporting debts that Morgan owed following the alleged execution of a loan modification agreement. Morgan alleges that Ocwen violated the "Fair Credit Reporting Act (FCRA) pursuant to [Nevada Revised Statutes §] 649.005" and the Fair Debt Collection Practices Act (FDCPA), that Ocwen breached the loan modification agreement, and that Ocwen was negligent in its reporting practices.[1] I previously granted summary judgment in Ocwen's favor on Morgan's FCRA, FDCPA, and breach of contract claims, but ordered the parties to file supplemental briefs addressing whether Morgan's negligence claim was preempted by FCRA or barred by Nevada's economic loss doctrine.[2] I now grant Ocwen summary judgment on Morgan's negligence clam because it is preempted by FCRA.

I. **ANALYSIS**

The FCRA preempts state law claims for negligence to the extent that they are based on the disclosure of FCRA information and not based on malice or willful intent to injure.[3] Thus, the FCRA preempts a plaintiff from bringing any state law claim based on conduct covered by

---

[1] ECF No. 1.

[2] ECF No. 23.

[3] *Spartalian v. Citibank, N.A.*, 2:12-cv-00742-MMD-PAL, 2013 WL 5437347, at \*5 (D. Nev. Sep. 27, 2013) (citing 15 U.S.C. § 1681h(e); 15 U.S.C. § 1681t(b)(1)(F)).

§ 1681s-2, which covers the responsibilities of furnishers of information to consumer reporting agencies.[4]

Morgan's only remaining claim for relief alleges Ocwen was negligent in its failure to accurately report her loan modification agreement and payments. Specifically, Morgan alleges in her complaint that Ocwen, "as the mortgage holder to [Morgan] has a duty to accurately report her payments and agreements reached by said parties. . . . [Ocwen] has breached said agreement [by] continuously mis reporting [sic] the agreement between the parties" because the second mortgage still shows on the credit report as due and owing.[5] Morgan concedes that, to the extent her negligence claim concerns Ocwen's misreporting of her debt, the claim is preempted.[6]

However, Morgan contends that Ocwen's negligent acts "do[] not necessarily fall under [the FCRA]."[7] She contends that her affidavit made allegations "that not only was the second deed of trust owing but a judgment had been entered against her."[8] Morgan then argues that "this falls outside of the realm of [the FCRA] inasmuch as [Ocwen] had actually obtained a judgment against [Morgan] which should never have been executed."[9]

But Morgan did not allege in her complaint that Ocwen was negligent because it obtained a judgment against her.[10] And she misrepresents the content of her affidavit. In her affidavit, Morgan contends that Ocwen reported a civil judgment that appeared on her credit report, but doing so was an error because Ocwen never actually obtained a judgment against her.[11] So

---

[4] *Id.*, *see also Subhani v. JPMorgan Chase, Nat'l Ass'n*, No. C 12–01857, 2012 WL 1980416, at *5–6 (N.D. Cal. June 1, 2012).

[5] ECF No. 1 at 8.

[6] ECF No. 25 at 2. Morgan does not allege or argue that Ocwen's actions were malicious or willful.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *See* ECF No. 1 at 5–9.

[11] ECF No. 21 at 114 (". . . [Ocwen] also showed a civil judgment against [Morgan] on the credit report. . . . [O]ne can assume that said civil judgment was the judicial foreclosure filed by [Morgan] herein. However, a loan modification as [sic] executed and therefore, that was never reduced to Judgment. Therefore, Ocwen should have never placed said judgment on her credit report. . . .").

Morgan's allegations regarding any judgment also relate to Ocwen's failure to accurately report the status of her debt by inaccurately reporting that a civil judgment had been entered. That claim is preempted by the FCRA. I therefore grant judgment in Ocwen's favor on Morgan's remaining negligence claim.

**II.     CONCLUSION**

IT IS THEREFORE ORDERED that the remainder of Ocwen's motion for summary judgment **[ECF No. 18] is GRANTED**.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter judgment in favor of Ocwen Loan Servicing and against Carol Morgan.

DATED this 2nd day of May, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE